## Com. of Pennsylvania *v.* John Adams, Appellant.

*Criminal law—Words and phrases—Imprisonment—Escape.*

Imprisonment, in the legal sense, is not limited to the confinement of the person within prison walls. Any restraint of liberty, against the will of the person restrained, is in contemplation of law an imprisonment; and if such restraint is lawfully exercised, the person is lawfully imprisoned.

The meaning of the term "escape," in law, is equally well settled. Any person, who, being lawfully confined or in custody, regains his freedom, with or without force, before being lawfully discharged, is guilty of an escape.

*Criminal law—Escape from prison.*

Where a prisoner, having been tried and convicted of larceny, escapes from the custody of an officer while on his way to jail, he is liable to the penalty imposed by sec. 3, act of March 31, 1860, P. L. 385, upon those who "break prison or escape."

Argued Nov. 9, 1896. Appeal, No. 14, March T., 1897, by defendant, from judgment and sentence of Q. S., Lebanon County, June Sess., 1896, No. 54, on plea of guilty. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Indictment for escape.

The defendant, John Adams, was convicted of larceny from the person.

A motion in arrest of judgment was thereupon made.

While the defendant was being conveyed from the courthouse to the county jail, pending said motion, he escaped from the custody of the sheriff, but was immediately recaptured and indicted for an escape, to which he pleaded guilty, and was sentenced to imprisonment in the Eastern Penitentiary, at labor, for a period of two years.

*Error assigned* was in imposing the sentence of imprisonment and labor in the penitentiary for two years.

*J. Marshall Funck* and *C. M. Zerbe*, for appellant.

*J. E. Reinoehl*, with him *J. M. Shindel*, district attorney, for appellee.

OPINION BY SMITH, J., December 7, 1896:

The defendant had been tried and convicted in the court of quarter sessions of Lebanon county of the crime of larceny from the person, and while a motion in arrest of judgment in that proceeding was pending, he escaped from the custody of the sheriff while being taken from the courthouse to the county jail.

Upon being arraigned he entered a plea of guilty to an indictment which, though inartistic and lacking in formal averments, in substance charges an escape by the defendant from the jailer of the county, while lawfully in custody as a defendant in a criminal prosecution in a court of quarter sessions, where he stood convicted of a felony, and was remanded to jail pending a motion in arrest of judgment.

The defendant was sentenced to pay a fine of $10.00, the costs of prosecution, and to undergo imprisonment by separate and solitary confinement, at labor, in the penitentiary for the term of two years under the third section of the criminal code of 1860, P. L. 385, which is as follows : " If any person arrested and imprisoned, charged with an indictable offense, shall break prison, or escape, or shall break prison, although no escape be actually made, such person shall be guilty of a misdemeanor, and on conviction be sentenced to undergo an imprisonment by separate or solitary confinement at labor, not exceeding two years, if the criminal charge on which such person stood com mitted, was a crime or misdemeanor punishable on conviction, by imprisonment by separate or solitary confinement at labor; or to imprisonment not exceeding one year, if such charge was a crime or misdemeanor punishable, on conviction, by simple imprisonment without labor."

The single assignment of error is to the effect that the court erred in imposing a sentence of imprisonment in the penitentiary

by separate and solitary confinement, at labor, for two years. In support of this it is argued that the statute above quoted embraces but two classes of offenders: (1) those who being arrested and imprisoned, break jail and escape, and (2) those who, being arrested and imprisoned, break jail and do not escape; and that as the escape in the present case was not from a jail but from the custody of an officer while on the way to the jail, it is not within the purview of the act of assembly.

Was the defendant "imprisoned," and did he "escape," within the meaning of the statute? This depends on the legal import of the words quoted, and the sense in which they are employed in the statute.

Imprisonment, in the legal sense, is not limited to the confinement of the person within prison walls. Any restraint of liberty, against the will of the person restrained, is in contemplation of law an imprisonment; and if such restraint is lawfully exercised, the person is lawfully imprisoned. This is among the elementary definitions for which it is needless to cite authorities.

The meaning of the term "escape," in law, is equally well settled. Any person who, being lawfully confined or in custody, regains his freedom, with or without force, before being lawfully discharged, is guilty of an escape: 6 Am. & Eng. Ency. of Law, p. 844.

The situation and act of the defendant, in this case, in relation to imprisonment and escape, must be determined by the language of the indictment. This sets forth, with sufficient clearness, that he was lawfully imprisoned, and that he escaped from that imprisonment. If this imprisonment and escape were within the statute, the statutory penalty may be lawfully imposed.

The third section, on which the indictment is based, is one of six in relation to escape and rescue, of which the revisers of the penal code, in their report, say: "The provisions of these sections are new to our statute law, though punishable at common law. The common law punishments now attached to them, of fine and imprisonment, have no limits other than the discretion of the court. Those prescribed by these sections restrain this general power." These sections practically cover every phase of an escape punishable at common law, including the unlawful acts of the prisoner, of his keepers, and of aiders and

abettors, and substitute a statutory penalty for the common law punishment.

Escape by the act of the prisoner must be either by breaking prison or without breaking. Section 3 of the statute provides for both: "If any person . . . . shall break prison, *or* escape." The meaning of the term "breaking prison," like that of "escape" is well settled. There must be an actual breach of prison, and the prisoner must escape: Bouvier's Law Dictionary, title "Prison Breaking," and authorities there cited. Since the words "break prison" ex vi termini import an escape, it is unnecessary, in order to give them full effect in the passage quoted, to construe the word *or* as *and*. To do this would indeed be tautological; it would be, in effect, to say "If he shall regain freedom by a breach of prison, and escape." The statute further provides for a third aspect of the prisoner's act: If he "shall break prison, although no escape be actually made." This expression may be objected to as paradoxical, in view of what is implied in breaking prison; being literally equivalent to saying, "If he shall escape from prison, although no escape be actually made." The intent, however, is sufficiently clear, and could not well be expressed otherwise without considerable verbiage. It is designed as a qualification of the technical meaning of the term, to provide for an attempt at breaking prison, falling short of the actual escape which the term implies. It may be classed with such expressions as "fine or imprisonment, or both, or either," frequently occurring in our penal legislation ; or, indeed, with the language quoted from the revisers, that the *provisions* of these sections were "punishable" at common law, instead of the offenses for which the statutory penalty is provided.

The third section, by the construction thus given it, provides a symmetrical system for the punishment of every aspect of escape or attempted escape by the act of the prisoner; while the remaining sections provide for the punishment of others aiding in or permitting an escape or attempt to escape, or engaging in a rescue or attempt at rescue.

Under this interpretation of the section, the court below had clear authority to impose the sentence pronounced, and as nothing has been presented to us calling for its modification, it is our duty to affirm it.

The assignment is overruled and the judgment is affirmed.