## Commonwealth v. McKee

*Charles C. Brown, Jr.*, District Attorney, for Commonwealth.

*Sharp & Gilpatrick*, for petitioner.

CAMPBELL, P. J., April 19, 1966.—Robert C. McKee, petitioner, has filed a petition under the Post Conviction Hearing Act contesting the validity of a sentence of this court imposed on December 4, 1948, for the crime of prison breach.

Richard M. Sharp, Esq., was appointed as petitioner's counsel, and the district attorney of this county filed an answer. The facts are not in dispute. The issue raised is purely a question of law.

At the time the offense was committed, the Act of June 24, 1939, P. L. 872, sec. 309, was in effect. This section treated prison breach under two circumstances, namely, where the prison breach occurred prior to a conviction and where the breach occurred subsequent thereto. In those instances where the prisoner was ". . . charged with an indictable offense, breaks prison, or escapes, or shall break prison, although no escape is actually made, is guilty of prison breach, a misdemeanor . . . shall be sentenced to undergo imprisonment by separate and solitary confinement at labor, not exceeding two (2) years, if the charge on which such person stood committed was an offense punishable, on conviction, by imprisonment by separate and solitary confinement at labor; or to imprisonment not exceeding one (1) year, if such charge was an offense punishable, on conviction, by simple imprisonment without labor".

It is clear from the first paragraph of section 309 that the legislature differentiated between two types of acts, one of breaking prison and the other of escape.

Since petitioner in this instance was serving a sentence imposed for a criminal conviction at the time of his escape, we must supply the second paragraph of section 309, which reads, in part, as follows:

"Whoever, being imprisoned after conviction, of an offense . . . breaks prison, although no escape is actually made by him, is guilty of prison breach, a misdemeanor, and upon conviction thereof, shall be sentenced to undergo imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned".

Petitioner was sentenced under the provisions of the last quoted section to a "matching" term of 7½ to 15 years, since he was serving a sentence of that length at the time of his escape.

The facts clearly indicate that he walked off of the prison farm where he was working. He did not break prison. This section makes no provision for one who escapes without breaking prison. In view of the oversight or deficiency in this statute, petitioner should have been charged under the common law for the crime of escape. It would appear clear that petitioner was sentenced for a crime he did not commit, and it is equally clear that this act provides no penalty for the crime which he did in fact commit.

We, therefore, conclude that the sentence was invalid and illegally imposed, and enter the following order.

And now, to wit, April 19, 1966, the prayer of petitioner's action is granted, and he is ordered released and discharged from the sentence imposed by this court to February sessions, 1949, no. 1.