Commonwealth, Appellant, *v.* Green.

Argued June 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*David L. Creskoff,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Curtis C. Carson, Jr.,* for appellee.

OPINION BY JACOBS, J., September 15, 1967:

The issue in this case is whether a demurrer was properly sustained on a bill of indictment charging the defendant, Joseph Green, with the crime of rape.

On December 30, 1966, the defendant pleaded not guilty and waived a jury trial on three bills of indictment charging rape, sodomy, and carrying a concealed deadly weapon. At the close of the Commonwealth's case, the Hon. JUANITA KIDD STOUT sustained a demurrer on the bill charging rape.[1] The Commonwealth has appealed. We must reverse.

A lower court order sustaining a demurrer to the Commonwealth's evidence in a criminal prosecution is appealable by the Commonwealth. See *Commonwealth v. Wydo,* 205 Pa. Superior Ct. 62, 208 A. 2d 12 (1965). On appeal the proper test to apply in determining the validity of a demurrer is whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty. *Commonwealth v. McDade,* 197 Pa. Superior Ct. 522, 180 A. 2d 86 (1962); *Commonwealth v. Wheeler,* 200 Pa. Superior Ct. 284, 295, 189 A. 2d 291 (1963). In making such determination we must read the evidence in the light most favorable to the Commonwealth's case. *Commonwealth v. Deyell,* 399 Pa. 563, 160 A. 2d 448 (1960).

Rape is defined as the "unlawful carnal knowledge of a woman, forcibly and against her will. . ." Act of June 24, 1939, P. L. 872, §721, 18 P.S. §4721. The record before us contains testimony that the victim was walking home from a Philadelphia bar on June 11, 1966 at about 2 a.m. when she was accosted by a stranger who placed "something" against her back and ordered her to go with him. She testified that she was pulled into a school yard and locked against a wall, where the defendant removed her underpants and put his penis in her vagina.[2] She was then pulled down a

---

[1] Judge STOUT found the defendant not guilty on the sodomy and carrying a concealed deadly weapon charges after hearing all the testimony.

[2] While the medical record indicated that no spermatozoa was observed in the vagina, cervix or vulva, ejaculation is not an es-

stairwell in the school yard. The arresting police offi-cers heard the victim scream and found her in an hysterical condition. They found the victim's underpants in the defendant's coat pocket and a knife in a puddle of water in the stairwell close to where the defendant was standing when arrested.

Her testimony and that of the arresting officer who heard the screams and who found a knife close to where the defendant was standing in the stairwell, if believed, made out the elements of rape—penetration, force and absence of consent. If the lower court chose to disbelieve all this testimony, the proper procedure would have been to find the defendant not guilty at the end of the trial, not sustain a demurrer to the Commonwealth's evidence.

The order sustaining the demurrer to the evidence is reversed with a procedendo.

sential element of the crime of rape; penetration, however slight, is sufficient to show the element of carnal knowledge. See *Commonwealth v. Bowes*, 166 Pa. Superior Ct. 625, 74 A. 2d 795 (1950).