Commonwealth, Appellant, *v.* Zeringo.

Argued March 18, 1969.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Collins,* Assistant District Attorney, with him *Ward F. Clark,* District Attorney, for Commonwealth, appellant.

*H. Huhn,* with him *Peter J. Verderame,* for appellee.

OPINION BY JACOBS, J., June 12, 1969:

On June 5, 1967, a fourteen year old boy riding a bicycle was killed when struck by an automobile driven by appellee.   Appellee was indicted for involuntary manslaughter and went to trial before a judge and jury in Bucks County.   At the close of the Commonwealth's testimony the trial judge sustained a demurrer to the evidence and the Commonwealth appealed.

In determining the validity of a demurrer in a criminal case, the test is whether the evidence of rec-

ord and the inferences reasonably drawn therefrom would support a verdict of guilty, and the evidence must be read in the light most favorable to the Commonwealth's case. *Commonwealth v. Green*, 210 Pa. Superior Ct. 482, 233 A. 2d 921 (1967). Viewing the evidence in that light and applying the required standard, we conclude that the lower court's action was correct.

It must be kept in mind that this was a criminal charge of involuntary manslaughter and not a civil action for damages in which all that must be shown is the defendant's negligence. Where, as here, the act causing death is not in itself unlawful, to make it criminal the negligence of the defendant must be such a departure from prudent conduct as to evidence a disregard of human life or an indifference to consequences. *Commonwealth v. Hartle*, 200 Pa. Superior Ct. 318, 188 A. 2d 798 (1963). In *Commonwealth v. Clowser*, 212 Pa. Superior Ct. 208, 214, 239 A. 2d 870, 873 (1968), we said that "[T]he driver's conduct must be reckless, careless, or wanton before he may be convicted of involuntary manslaughter by automobile."

Appellee was driving in an eastwardly direction on a two lane highway on a clear day. The road was straight both east and west of the collision site. Decedent was riding his bicycle in the same direction as appellee and was two feet from the edge of the pavement in the same eastbound lane of the highway. At impact appellee's right headlight was broken. There was glass in the eastbound lane for fourteen paces and the body came to rest forty-six to forty-nine paces east of the point where the glass began. The appellee's automobile was stopped 217 paces beyond the body. Each pace was estimated to be approximately three feet. No skid marks were made by appellee's automobile. The only witness to speed stated that appellee was going

fifty miles per hour before the collision and had reduced to forty miles per hour at the time of impact. A passenger in appellee's automobile, called by the Commonwealth, said that he and the appellee were fifty feet away when they saw the boy on the bicycle, that the boy turned and looked at them and then rode his bicycle across their path toward the middle of the road. He further testified that appellee tried to avoid the accident by turning to the left but was prevented by a tractor-trailer coming toward him in the left lane.

The Commonwealth did not produce the evidence necessary to show reckless or wanton conduct. The width of the highway was not shown, nor was it established that the victim was traveling on the paved portion of the highway prior to the time the Commonwealth's witness said he was. Under the Commonwealth's evidence the victim first appeared when appellee was fifty feet away. Traveling at fifty miles per hour, it would have been impossible for appellee to stop in fifty feet. There is nothing to show that he did not have room to pass between the victim and the oncoming truck had the victim stayed two feet from the edge of the highway. Nor do the distances to the body and the place where appellee's automobile was stopped after the accident raise inferences of excessive speed prior to impact sufficient to meet the Commonwealth's burden. The officers who testified as to the point where appellee's automobile was parked did not know if it had been moved after the collision. This gap in the testimony destroys any possible inference arising from the stopping point. It is questionable whether an inference of speed in excess of forty miles per hour arises from the fact that the victim's body traveled forty-six to forty-nine paces after impact. Even if this inference did arise, the Commonwealth cannot meet its burden to prove an element of a crime

beyond a reasonable doubt by presenting direct evidence of a reasonable speed and at the same time arguing that circumstantial evidence, not qualifying as incontrovertible physical fact, shows the contrary. "When a party on whom rests the burden of proof in either a criminal or a civil case, offers evidence consistent with two opposing propositions, he proves neither." *Commonwealth v. New*, 354 Pa. 188, 221, 47 A. 2d 450, 468 (1946).

The Commonwealth was bound by its case as presented below and we agree with the lower court that it would not support a guilty verdict of involuntary manslaughter.

Order affirmed.

MONTGOMERY and CERCONE, JJ., dissent.