Commonwealth, Appellant, *v.* Hentosh.

Argued September 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

██ 

██

*John G. Siegle,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellant.

*Esther F. Clark,* with her *John H. Clark, Jr.,* for appellee.

OPINION BY VAN DER VOORT, J., March 31, 1975:

On November 29, 1973, in a non-jury trial and after presentation of the Commonwealth's evidence, counsel for defendant demurred to the evidence. Defendant had been indicted on two counts of violation of "The Controlled Substance, Drug, Device and Cosmetic Act," specifically, for knowing or intentional possession and dispensing of controlled substance, viz., heroin.[1] The Commonwealth now appeals the order sustaining demurrer. *Commonwealth v. Yahnert,* 216 Pa. Superior Ct. 159, 264 A.2d 180 (1970).

The Defendant directed his demurrer as his counsel put it "toward the chain of evidence". In addressing itself to a request for demurrer, the lower court must consider that "[t]he test in determining the validity of a demurrer is whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty." *Commonwealth v. Dennis,* 211 Pa. Superior Ct.

---

1. Act of 1972, April 14, P.L. 233, No. 64, §13, (15) and (16).

37, 40, 234 A.2d 53, 54 (1967). In applying the *Dennis* standard, our Superior Court in *Commonwealth v. Collins*, 436 Pa. 114, 259 A.2d 160 (1969), has said that such a standard allows the trier of fact to function and that any rule more favorable to a defendant would take away this fact finding obligation. Having cited *Collins, supra,* our Supreme Court has further stated that "[t]he application of the standard requires a consideration of the reasonable inferences which the jury (or fact-finder) may make from the prosecution's evidence." *Commonwealth v. Henderson,* 451 Pa. 452, 454, 304 A.2d 154, 156 (1973).

We examine the facts in the light most favorable to the Commonwealth. *Commonwealth v. Green,* 210 Pa. Superior Ct. 482, 233 A.2d 921 (1967). The testimony was that on April 30, 1973, William W. Kean, an agent of the Federal Drug Enforcement Administration was introduced to the defendant by a cooperating citizen, one Eugene P. Thomas. Agent Kean purchased from the Defendant for a price of one hundred ($100.00) dollars ten (10) glassine bags of heroin which he had put inside a cigarette package. Another Agent, Richard A. Compton, joined Mr. Kean immediately after the purchase. They each initialed the package, dated it, put their own case number on it, locked and sealed it in an evidence envelope and delivered it to Detective Kelly of the Delaware County Criminal Division, who was the evidence custodian for this case. Detective Kelly locked the evidence envelope in a metal safe container, turned it over for a day to Mr. Strickler who gave him a receipt for it and after Mr. Strickler had analyzed the contents of the envelope[2] and found it to contain heroin he returned it to Detective Kelly.

Agent Kean testified that the Commonwealth's Exhibit of the heroin was the same that he had purchased

---

2. The analysis of heroin, quinine and sugar was stipulated to by counsel for both parties.

from the Defendant on March 30, 1973. Not only does it appear that the chain of evidence was proved, but the Commonwealth's Exhibit (C-1) was admitted into evidence without objection.

The trial judge appears to have been over-persuaded by his belief that the case number placed on the Exhibit by the Agent had no reference to the defendant. In the colloquy at the close of the trial, the judge referring to the case number put on the evidence package by Messrs. Kean and Compton said: "He simply said it had a number on, without specifying that it was the number applied to Mr. Hentosh (T. 95)." However, the witness, Mr. Compton, in testifying concerning the Exhibit in question stated: "It bears the case number which we assigned to the defendant, Mr. Hentosh." There is direct testimony tying the heroin to Mr. Hentosh. Furthermore, the facts in this case do not cast the slightest reflection upon the authenticity of the physical evidence, the heroin.[3]

In granting the demurrer the trial judge erred in holding that the Commonwealth had not proved a prima facie case for two reasons: one, the Commonwealth's Exhibit of the heroin was a part of the evidence of record at the time the demurrer was made; and two, there was sufficient evidence of the purchase of heroin from the Defendant without the Commonwealth's Exhibit being in evidence.

Reversed and remanded with a procedendo.

SPAETH, J., concurs in the result.

---

3. See *Gallego v. United States*, 276 F.2d 914 (9th Cir. 1960), which supports the propositions that:

(1) Regularity exists in the custodial production of evidence as long as it remains in the evidence safe, behind lock and key;

(2) There is no rule to compel production as witnesses of all who could come into contact with the evidence; and

(3) To successfully establish a break in the chain of the evidence a defendant must offer some proof of tampering with the evidence where the prosecution shows regularity in its custodianship.