Commonwealth, Appellant, *v.* Rodgers.

Argued April 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles W. Johns,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellant.

*D. Stephen Ferito,* with him *John J. Dean,* Trial Defender, and *George H. Ross,* Public Defender, for appellee.

OPINION BY PRICE, J., June 24, 1975:

This is an appeal by the Commonwealth from the sustaining of a demurrer to its evidence in a non-jury case in which the defendant-appellee was accused and indicted on a bill alleging four (4) counts of Maintaining a Gambling Establishment under 18 Pa. C.S. §5513.[1] In its pertinent part it is provided that:

"A person is guilty of a misdemeanor of the first degree if he:

. . .

(2) allows persons to collect and assemble for the purpose of unlawful gambling at any place under his control;

. . ."

The standard to be applied in ruling upon a demurrer is whether the evidence is sufficient to warrant the jury in finding the defendant guilty beyond a reasonable doubt. *Commonwealth v. Henderson,* 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. Gladden,* 226 Pa. Superior Ct. 13, 311 A.2d 711 (1973). Inferences reasonably drawn from the evidence of record which would support a guilty verdict are to be given effect. *Commonwealth v. Collins,* 436 Pa. 114, 259 A.2d 160 (1969); *Commonwealth v. Dennis,* 211 Pa. Superior Ct. 37, 234 A.2d 53 (1967). And the evidence must be read in the light most favorable to the Commonwealth's case. *Commonwealth v. Zeringo,* 214 Pa. Superior Ct. 300, 257 A.2d 692 (1969). *See Commonwealth v. Bey,* 221 Pa. Superior Ct. 405, 292 A.2d 519 (1972).

The evidence supporting the prosecution, and viewed as we must in the light most favorable to it, can be briefly summarized as follows: Officer William P. Mullen, of the

---

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §5513).

Pittsburgh Police, testified that on May 16, 1974, at 11 :40 p.m., he received an anonymous phone call advising him that there was a card game being conducted at Bill's Bar, located at 2518 East Carson Street. (NT 27A) Accompanied by several other police officers, Officer Mullen proceeded to Bill's Bar. Upon. entering the premises, Officer Mullen observed a group of men with cards in their hands sitting around a table which had a quantity of money in the center. (NT 29A) As Officer Mullen approached the table in order to effectuate an arrest of the card game participants, he was accosted by appellee. Appellee then yelled, "Watch out, police." Officer Mullen then proceeded to arrest the card players. Appellee, upon being placed under arrest, closed up the bar, took the proceeds out of the cash register and summoned his wife to the premises. (NT 33A) When asked who was in charge of the bar by Officer Spehar, an officer accompaning Mullen, appellee replied, in Officer Spehar's words: ". . . He [appellee] said: 'Yes, I am in charge. My dad owns it. I am working. I am in charge here tonight.' " (NT 52A) Officer Spehar also testified that while he was taking the arrest report, appellee offered him fifteen hundred dollars to "forget these charges." (NT 63A) At the conclusion of the Commonwealth's case, the trial court sustained a demurrer to the indictment.

We believe that the evidence in the present case, read in the light most favorable to the Commonwealth, with its reasonable inferences being given effect, would warrant a conclusion that the appellee allowed this assembly of some twenty (20) to thirty (30) persons at Bill's Bar, a place under his control at the time herein material, for the purpose of unlawful gambling. We conclude, therefore, that the lower court erred in granting the demurrer. By this holding, we intend no intimation of any opinion as to the proper resolution of the case by the trier of fact.

Order reversed with a procedendo.