Commonwealth, Appellant, *v.* Smith.

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellant.

*Ralph W. D. Levan,* First Assistant Public Defender, for appellee.

OPINION BY PRICE, J., June 24, 1975:

This appeal comes before our Court following the granting of appellee's motion in arrest of judgment by the lower court en banc. Appellee was a prisoner who had been convicted of rape and had been sentenced to a term in prison of from 29 to 59 months, sentence to commence September 5, 1971. He was granted a holiday furlough from the Berks County Prison, which was to last from 8:30 a.m., September 3, 1972, until 10:30 p.m., September 4, 1972. Appellee failed to return to the prison on September 4, and did not return during the entire month of September. Appellee was charged with prison breach and convicted of that crime by a jury. His motion in arrest of judgment was subsequently granted, and the Commonwealth has appealed.

In its opinion reversing the jury verdict, the lower court en banc held that the Commonwealth failed to establish that appellee was given any instructions on the duration of the furlough. The lower court held in effect that appellee was granted a furlough but did not know he was required to return. The court en banc then concluded that in the absence of proof that appellee knew he had to return from the furlough, the Commonwealth had failed to establish an essential element of the crime of prison breach.

Authority for granting such a furlough is found at 61 P.S., Chapter 19, which states:

"The Bureau of Correction shall establish rules and regulations for granting and administering release plans and shall determine those inmates who may participate in any plan. If any inmate violates the rules or regulations prescribed by the bureau, his release privileges may be withdrawn. Failure of any inmate to report to or return from the assigned place of employment, training, education or other authorized destination shall be deemed an escape under the provisions of section 309 of the act of June 24, 1939 (P.L. 872), known as 'The Penal Code.' " (emphasis added).[1]

That section of The Penal Code reads in pertinent part:

"Any person undergoing imprisonment, whether before or after conviction, who breaks prison or escapes, or shall break prison although no escape is actually made, is guilty of prison breach, a felony, and, on conviction thereof, shall be sentenced to undergo imprisonment, by separate and solitary confinement at labor, for a term not exceeding ten (10) years."[2]

Nowhere in either section is there language which indicates that notice to return from a furlough is an essential element of the crime of prison breach. When a prisoner is granted a holiday furlough, that prisoner knows he is not being permanently released and that he must return to the prison. To argue that, if appellee did not know when to return, it was permissible for him to remain at large for an indeterminate period of time is untenable.

---

1. Act of July 16, 1968, P.L. 351, No. 173, §3, *as amended*, Act of Dec. 2, 1970, P.L. 832, No. 274, §1 (61 P.S. §1053).

2. Act of June 24, 1939, P.L. 872, §309; Act of July 29, 1953, P.L. 1445, §1; Act of July 12, 1961, P.L. 575, §1, *as amended*, Act of July 16, 1968, P.L. 353, No. 174, §1 (18 P.S. §4309), *repealed*, Act of Dec. 6, 1972, P.L. 1482, No. 334, §5.

The case of *Commonwealth v. Bey*, 221 Pa. Superior Ct. 405, 292 A.2d 519 (1972), cited by the lower court as controlling, was primarily concerned with a different question. *Bey* dealt with the question of whether a prisoner on furlough was still undergoing imprisonment. Our Court discussed the granting of the furlough and the instructions to return to emphasize that the appellee *was* still under prison control. We do not view the language of *Bey* as mandating proof of notice of when to return as a part of the essential elements of the crime in this case.

However, even if we were to assume that it must be shown that appellee knew when to return from the furlough, we would still be unable to sustain the granting of an arrest of judgment. The test of the sufficiency of the evidence is whether, accepting as true all the evidence and all reasonable inferences therefrom upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove the defendant guilty of the crime charged beyond a reasonable doubt. *Commonwealth v. Truss*, 230 Pa. Superior Ct. 262, 326 A.2d 630 (1974). In addition, while the Commonwealth must establish every essential element of a crime beyond a reasonable doubt, this burden may be sustained by means of wholly circumstantial evidence. *Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973).

In the case at bar, the warden from the prison testified that appellee was granted a furlough and failed to return at the end of the furlough. While the "Request for Holiday Furlough" and the "Agreement" were not admitted into evidence,[3] the order granting the furlough was admitted. This order contained a list of those inmates

---

3. The Commonwealth had ample opportunity to enter appellee's signed "Request for Holiday Furlough" and the signed "Agreement" containing all terms of the furlough into evidence. The Assistant District Attorney failed, however, to make more than a token attempt to have appellee's signature authenticated, and these exhibits were correctly excluded.

granted furlough as well as the time and date it was to begin and the time and date it was to end. The warden further testified that he *did* receive a furlough request filled out by appellee and that appellee *did* leave the prison on Sunday morning, the day the furlough was to begin. This is ample evidence to permit a finding by the jury that appellant knew when he was required to return. Such conclusion is not based on speculation or conjecture, but is certainly a reasonable inference arising from the evidence properly before the jury. The jury was entirely justified in concluding that appellee was fully aware of all the provisions of the furlough *including* when he was expected to return. There is ample evidence, direct and circumstantial, to prove appellee's guilt beyond a reasonable doubt.

We reverse the entry of Arrest of Judgment and remand for appropriate sentencing.