410 A.2d 1274

COMMONWEALTH of Pennsylvania, Appellant,

v.

**John Stephan DANCHISION.**

Superior Court of Pennsylvania.

Submitted March 19, 1979.

Filed Sept. 28, 1979.

Richard B. Russell, District Attorney, and with him Thomas J. Nickels, Assistant District Attorney, Pottsville, for Commonwealth, appellant.

William J. Noone, Mahanoy City, for appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

VAN der VOORT, Judge:

John Stephan Danchision, appellee in the case before us, was the driver of an automobile which collided on the night of October 28, 1977, with an automobile being driven by Edward W. Howard. As a result of the collision, Mr. Danchision was seriously injured and Mr. Howard was killed. John Danchision was charged with violating 75 Pa.C.S. § 3302, meeting vehicle proceeding in opposite direction,[1] and 75 Pa.C.S. § 3732, homicide by vehicle.[2]

Trial was held on May 15 and 17, 1978, and at the close of the Commonwealth's case, the lower court granted appellee's demurrer, preventing the case from going to the jury. The court stated: "We feel the Commonwealth has not placed sufficient evidence to the jury from which they could find beyond a reasonable doubt which automobile was traveling in which direction and therefore violating the law". The Commonwealth has appealed the lower court's sustaining of the demurrer.[3] We reverse the lower court's order, and remand for trial.

1. "Drivers of vehicles proceeding in opposite directions shall pass each other to the right and, upon roadways having width for not more than one line of traffic in each direction, each driver shall give to the other at least one-half of the main-traveled portion of the roadway as nearly as possible." Act of June 17, 1976, P.L. 162, No. 81, § 1, effective July 1, 1977.

2. "Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death."
Act of June 17, 1976, P.L. 162, No. 81, § 1, effective July 1, 1977.

3. A lower court order sustaining a demurrer to the Commonwealth's evidence in a criminal prosecution is appealable by the Commonwealth. *Commonwealth v. Green*, 210 Pa.Super. 482, 484, 233 A.2d 921, 922 (1967).

At trial, the Commonwealth brought forth no eyewitnesses to the accident, but did call Union Township Police Chief Joseph Zienkiewicz and Pennsylvania State Trooper Bernard Faulent to testify as to what they saw upon arriving at the scene of the accident. According to their testimony, the defendant's vehicle was resting across the northernmost or westbound lane of the highway, facing the northern edge of the road, the rear end protruding three feet seven inches into the southernmost or eastbound lane. Decedent's vehicle was southeast of defendant's vehicle, was also facing north, but was mainly off the paved portion of the highway, with only four feet six inches protruding into the eastbound lane. The left front fenders of both automobiles were severely damaged. Skid marks ran from a point along the road northeast of the accident, west along the northern berm of the road, across the westbound lane, then into the middle of the eastbound lane where impact apparently took place. From this point, scuff marks and skid marks continued to run in an arc northwestwardly to the front end of the defendant's car. No skid marks were visible west of the accident. Chief Zienkiewicz testified that when he reached the scene of the accident, he found Susan Karenda, who had been traveling west in her car (N.T. p. 10), holding the defendant's head. The Chief testified that Susan had told him that she had been following the defendant's car (N.T. p. 7).

A demurrer is not properly granted unless the evidence of record, and inferences reasonably drawn therefrom, viewed in a light most favorable to the Commonwealth, will not support a verdict of guilty. *Commonwealth v. Hentosh*, 233 Pa.Super. 492, 334 A.2d 680 (1975). In the case before us, the jury might properly have found from the testimony regarding skid marks leading to defendant's car, damage to the left front fenders of the cars, the position of the cars after the accident, and the statement that Susan Karenda had been traveling west in her car following the defendant, that the defendant had been traveling west when he ran off the northern edge of the road and back onto the highway

again, that he crossed the center line into the eastbound lane, and that he collided with the decedent's car in the eastbound lane.[4]   Such conduct on the part of the defendant could have constituted a violation of 75 Pa.C.S. § 3302, meeting vehicle proceeding in opposite direction, and, combined with the resulting death of the decedent, the crime of homicide by vehicle.   Sufficient evidence was presented by the Commonwealth to permit the case to go to the jury.

Reversed and remanded for trial.

---

4.  See *Commonwealth v. Hartle*, 200 Pa.Super. 318, 188 A.2d 798 (1963), *allocatur refused*;  and *Mitchell v. Stolze*, 375 Pa. 296, 100 A.2d 477 (1953).