## Commonwealth v. Milzman

*Graham Showalter,* district attorney, for Commonwealth.

*John B. Mancke,* for defendant.

HANDLER, *S.J.,* May 17, 1984—This memorandum states the reasons of the court for the verdicts entered in this case tried at a bench trial on March 29 and 30, 1984. Defendant is charged with two counts of Homicide by Vehicle, "Vehicle Code," 75 Pa.C.S. §3732, two counts of Involuntary Manslaughter, "Pennsylvania Crimes Code," 18 Pa.C.S. §2504(a), a violation of the summary offense of driving on the right side of the roadway, "Vehicle Code," 75 Pa.C.S. §3301(a), a violation of the summary offense of driving a vehicle at a safe speed, "Vehicle Code," 75 Pa.C.S. §3361, and a violation of the summary offense of reckless driving, Vehicle Code, 75 Pa.C.S. §3714. A count of violating the summary offense of Purchase, Consumption, Possession or

Transportation of Intoxicating Beverages, "Pennsylvania Crimes Code," 18 Pa.C.S. §6308, had been severed by a previous order of court and was not tried. Also, at the time of trial, there was pending an undisposed motion to quash the counts of the indictment charging homicide by vehicle for the reason that the statutory enactment, Section 3732 of the Vehicle Code (supra) is unconstitutional. The decision on this motion having been reserved, it will be disposed of at the outset.

None of the constitutional assaults on the statute have been sustained by our appellate courts. In Commonwealth v. Burt, 490 Pa. Commw. 173, 415 A.2d 89 (1980), our Supreme Court rejected a due process challenge based on vagueness. In Commonwealth v. Field, 490 Pa. 519, 417 A.2d 160 (1980), the same court rejected a due process attack based on both vagueness and the imposition of criminal liability without fault. In Commonwealth v. Hicks, 502 Pa. 344, 466 A.2d 613 (1983), the same court rejected an equal protection attack based on a lower court holding that the classification of the offense as the statute is framed does not bear a rational relationship to a legitimate state interest. Although Hicks was an appeal from a decision of the Court of Common Pleas of Allegheny County, defendant has urged the court to follow what he argues to be a similar holding of the Court of Common Pleas of Cumberland County. However, a reading of the opinion in that case, Commonwealth v. Lester E. Jumper, No. 640 Criminal 1983 (C.P., Cumberland County) clearly discloses that although the latter court in its opinion agreed with the Court of Common Pleas of Allegheny County and found the enactment to constitute a denial of equal protection, it supplemented its opinion with an addendum drawn after the opinion of the Supreme Court in

Commonwealth v. Hicks (supra) was filed, and constrained as it was to preserve the constitutionality of the statute, particularly in light of Hicks, it afforded defendant the same relief by finding that the offense charged in Jumper did not meet the guidelines framed for interpreting the statute by the Supreme Court in Commonwealth v. Field (supra).

## THE EVIDENCE

The incident resulting in the indictment was a one-car accident. There was no eye-witness; defendant who was the operator of the motor vehicle had no recollection of what occurred. Accordingly, all of the evidence was circumstantial and a crucial part of it was based on a reconstruction of the accident by expert witnesses presented both by the Commonwealth and the defense. Apparently, defendant's vehicle was proceeding on a secondary road in an easterly direction around a curve to the left when the vehicle left the road so that the two right wheels travelled approximately 50 feet on the shoulder and then the vehicle veered back on the pavement sharply to the left, describing an S-curve which eventually took it off the highway, over a bank and into several trees. When discovered, there were three persons in the vehicle, two of whom were dead. Defendant was identified as the operator because he was behind the wheel of the car when it came to rest and seriously injured. The paved portion of the road varied in width, approaching the curve, from 18 to 16 feet and the right-hand lane travelled by the vehicle into the curve was seven feet wide. Approaching the place where the vehicle first left the pavement, the road was curved and had numerous dips which interfered with sight distance and at the curve, the pavement edge was irregular and deteriorated. The shoulder adjacent to the

curve and to the east was unpaved, soft and consisted of grass and gravel. The speed limit approaching the curve and to the east was 55 miles per hour.

The Commonwealth's expert who reconstructed the accident testified that a vehicle could travel the highway around the curve at a speed of 48 miles per hour "comfortably." He further stated that he did not know the speed of the vehicle as it entered the curve and therefore, he neither could say that it was travelling too fast for conditions, nor that it left the paved portion of the road because it was travelling too fast for conditions; that there were numerous reasons why it might have left the paved portion of the road, and finally, that it was under control at the time it left the paved portion of the road and while its right wheels travelled on the shoulder and that it was not until it reentered the paved portion of the road that it went out of control because the driver had "over-corrected" its course. Significant, but not controlling, was the evidence of cause of death which came only from a lay coroner based on his observation of the bodies of the two persons who were found dead in the vehicle.

## THE LAW

The Commonwealth contends that there is sufficient evidence to convince the fact-finder beyond a reasonable doubt that defendant committed two acts of homicide by vehicle, two acts of involuntary manslaughter, and the summary offenses of driving too fast for conditions, reckless driving and driving on the wrong side of the road. Defendant's response is that (a) the Commonwealth has failed to meet its burden of proof, and (b) that whatever occurred was beyond the control of defendant and therefore, an accident. An unusual measure of judicial casuistry has gone into creating a viable passage around the

obvious rocks of unconstitutionality created by the apparent absolute liability terms of Section 3732 of the "Vehicle Code." The following analysis of Commonwealth v. Field (supra), establishing the elements of the offense is made by the Superior Court in Commonwealth v. Koch, 297 Pa. Super. 350, 443 A.2d 1157 (1982):

1. That defendant deviated from the standard of care established by the underlying Vehicle Code provisions. In this case, the provisions relating to driving too fast for conditions, reckless driving and driving on the wrong side of the road.

2. That defendant knew or should have known that his conduct in operating the motor vehicle was in violation of the foregoing provisions of the Vehicle Code.

3. That a death occurred.

4. That the death was at the very least a probable consequence of the defendant's violation of the underlying Vehicle Code provisions.

As the episode developed, the underlying motor vehicle violations charged were driving too fast for conditions, reckless driving, and failing to drive on the right side of the roadway. The key to defendant's culpability is his conduct when the vehicle left the highway the first time and immediately before. Absent an eye-witness, the Commonwealth had to rely on the expert opinion of its reconstruction expert who neither could fix the speed of the vehicle at that time nor state that the vehicle was out of control and the circumstantial evidence consisting of markings on the shoulder, the road and measurements. Accordingly, the Commonwealth's proof consists of the testimony of its expert, negating culpable conduct in the form of exceeding a safe speed which in turn, negates reckless driving and observable facts based on markings on the road and measurements.

These physical facts cannot be considered incontrovertible physical facts because that conclusion cannot be established by oral evidence as to the position, movement, or speed of moving objects, Anderson v. Pittsburgh Railways Company, 423 Pa. 550, 225 A.2d 548 (1967).

Even if the inference of excessive speed and lack of control did arise from the distance the vehicle travelled after it regained the road, the Commonwealth cannot meet its burden of proving the essential elements underlying the offense beyond a reasonable doubt by presenting direct evidence that the vehicle was under control when it first left the highway and at the same time arguing that circumstantial evidence, not qualifying as incontrovertible physical facts, shows the contrary. When a party on whom the burden of proof rests either in a criminal or civil case, offers evidence consistent with two opposite propositions, he proves neither, Commonwealth v. Zeringo, 214 Pa. Super. 300, 257 A.2d 692 (1969), Commonwealth v. Woong Knee New, 354 Pa. 188, 221, 47 A.2d 450 (1946). And certainly, failure of proof as it relates to death by motor vehicle applies with more weight to the offense of involuntary manslaugther.

Sitting as the fact-finder in a criminal case, this court is bound by the rule of reasonable doubt. The Commonwealth must prove each and every indispensable element of the offenses charged beyond a reasonable doubt. Having carefully considered all of the evidence in the case, this court has reasonable doubt as to the underlying offenses of driving at an excessive rate of speed and reckless driving. The court also has reasonable doubt that from the time the vehicle first left the paved portion of the road, the death of the passengers at the very

least was a probable consequence of whatever happened thereafter.

Although not presented specifically by the defense, some of its evidence, particularly that relating to the condition of the roadway and the shoulder, tends toward proof that defendant's conduct was excusable as "Homicide by Accidental Misadventure" so that if the case had been tried by a jury, the defense could have properly received an instruction on that rule. Homicide by accidental misadventure is an excusable killing. It comprehends an unintentional and accidental killing while the actor is performing a lawful act unaccompanied by criminal negligence. Three elements enter into the defense of excusable homicide by misadventure.

(1) The act resulting in death must be a lawful one.

(2) It must be done with reasonable care and due regard for the lives and persons of others.

(3) The killing must be accidental and not intentional or without unlawful intent or without evil design or intention on the part of the slayer, Commonwealth v. Newman, ____Pa. Super. ____, 456 A.2d 1044 (1983).

This concept is analagous to the axiom applicable in civil cases that the mere happening of an accident does no establish liability. The evidence in the case is that defendant acted with reasonable care and there is no evidence that the overcorrection of his vehicle that caused it to go out of control was anything but accidental. True, the death of two persons resulted and while this is a tragedy in real terms, it does no alter the accidental nature of the entire incident.

## VERDICT

And now, this May 17, 1984, the following verdict is entered:

Count 1 — Homicide by Vehicle — 75 Pa C.S. §3732 — Not Guilty

Count 2 — Homicide by Vehicle — 75 Pa C.S. §3732 — Not Guilty

Count 3 — Involuntary Manslaughter — 18 Pa C.S. §2504 (a) — Not Guilty

Count 4 — Involuntary Manslaughter — 18 Pa C.S. §2504 (a) — Not Guilty

Count 5 — Driving on the Right Side of Roadway — 75 Pa C.S. §3301 (a) — Not Guilty

Count 6 — Driving Vehicle at Safe Speed — 75 Pa C.S. §3362 — Not Guilty

Count 7 — Reckless Driving — 75 Pa C.S. §3714 — Not Guilty