## Commonwealth v. Smith

*Charles M. Guthrie, Jr.,* assistant district attorney, for the Commonwealth.

*John A. Boccabella,* for defendant.

LIEBERMAN, *J.*, September 13, 1984 — This matter came before the court pursuant to defendant's petition for writ of habeas corpus. A preliminary hearing was held on June 18, 1984 after which defendant was bound over for trial on charges of driving under influence of alcohol or contolled substance of the Pennsylvania Vehicle Code, §3731(a)(1), (4). Subsequently, defendant petitioned this court for writ of habeas corpus and a hearing was scheduled July 3, 1984. The Commonwealth and defendant have stipulated that the stenographer's transcript of the preliminary hearing is the evidence upon which the legal sufficiency of defendant's petition should be judged. Defendant contends that the Commonwealth failed to prove a prima facie case at said hearing and, consequently, that he should be discharged.

On May 20, 1984, Officer Theodore R. Roth, Reading Bureau of Police, was detailed to investigate a traffic accident at an intersection in the City of Reading, Berks County, Pa. Upon his arrival, Officer Roth testified and he spoke to a Hispanic man who was involved in the accident. Officer Roth stated that he approached a 1966 Chevrolet van which was occupied by defendant. Officer Roth asked defendant if he was the driver of the van, and defendant replied he was.

While defendant was in the vehicle, Officer Roth smelled "a very strong odor of some type of alcoholic beverage on his breath." Officer Roth and defendant went to the west side of the 300 block of North Fifth Street where Officer Roth asked him to perform two field sobriety tests: the walk-turn test, and the finger-to-nose test. According to the record, defendant had some difficulty in performing both tests.

In addition, Officer Roth observed that defendant had "very, very red and watery eyes." As a result of Officer Roth's investigation and observations, he arrested defendant for driving under the influence of alcohol or controlled substance. Officer Roth transported defendant to Reading City Hall where the intoxilyzer test was administered. The result of that examination was a blood alcohol level of .257.

The issue presented before this court is whether or not the Commonwealth sufficiently established a relationship between the time the accident occurred and the results of the investigation conducted by the arresting officer upon his arrival at the scene at a later time.

Defendant's major contention is that the Commonwealth failed to prove a prima facie case at the preliminary hearing. For the court to properly grant a writ of habeas corpus, it must find that the prosecution failed to carry its burden at the preliminary hearing. Commonwealth v. Lynch, 270 Pa. Super. 554, 411 A.2d 1224, 1229 (1980).

The quantity and quality of evidence presented there "should be such that if presented at the trial, in court and accepted as true, the trial judge would be warranted in allowing the case to go to the jury." Commonwealth ex rel Scolio v. Hess, 149 Pa. Super. 371, 27 A.2d 705 (1943). The Commonwealth's burden at a preliminary hearing is to establish at least prima facie that a crime has been committed and that the accused is the one who committed it. Commonwealth v. Mullen, 460 Pa. 336, 333 A.2d 755 (1975). This means that at a preliminary hearing, the Commonwealth must show the presence of every element necessary to constitute each offense charged and defendant's complicity in each offense. Proof beyond a reasonable doubt is not required, nor is the criterion to show that proof beyond a reason-

able doubt is possible if the matter is returned for trial. However, proof, which would justify a trial judge submitting the case to the jury at the trial of the case, is required. Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, Commonwealth v. Rodgers, 235 Pa. Super. 106, 340 A.2d 550 (1975), and the evidence must be read in the light most favorable to the Commonwealth's case, Commonwealth v. Zeringo, 214 Pa. Super. 300, 257 A.2d 692 (1969). Prosecutorial suspicion and conjecture are not evidence and are unacceptable as evidence.

To establish a person's guilt of driving under the influence of alcohol, the Commonwealth must prove that the person was operating a motor vehicle and that he has done so while under the influence of alcohol. Commonwealth v. Slout, 288 Pa. Super. 471, 432 A.2d 609 (1981). Under the Vehicle Code, 75 Pa. C.S. §3731, and the decision in Commonwealth v. Brown, 268 Pa. Super. 206, 407 A.2d 1318 (1978), there must be evidence that defendant's vehicle was in motion under his guidance in order to establish that defendant was driving under the influence of alcohol; it is no longer sufficient to show that defendant was observed sitting in the operator's portion of a parked car whose motor was running. Commonwealth v. Wenzel, 13 D.&C. 3d 576 (1980).

In addition, it is imperative that the Commonwealth establish the connection between defendant's actual operating of the vehicle and the time when the arresting officer places defendant under arrest. In the instant case, the record of the preliminary hearing fails to show such evidence. To find otherwise would be prosecutorial suspicion and conjecture. In Commonwealth v. Reynolds, 256 Pa.

Super. 259, 389 A.2d 1113 (1978), the court considered the time of the accident as an important factor in prosecutions involving motor vehicle collisions. Similarly, in Commonwealth v. Devereaux, 304 Pa. Super. 327, 450 A.2d 704 (1982), the court considered the temporal nexus when it concluded "beyond a reasonable doubt that defendant had been driving the vehicle when it crashed." In that case, the Commonwealth did establish the connection between defendant's actual operation of the vehicle and the time when the police officer arrested defendant.

Therefore, in light of the foregoing reasons, we conclude that the Commonwealth failed to prove a prima facie case, inasmuch as the Commonwealth failed to establish a relationship between the time the accident occurred and the results of the investigation conducted by the arresting officer upon his arrival at the scene at a later time.

According, we enter the following

## ORDER

September 12, 1984, for the foregoing reasons, we found that a prima facie case had not been established against Charles Waddell Smith, defendant, at the preliminary hearing. Defendant's writ of habeas corpus is granted.