Commonwealth *v.* Wright, Appellant.

Argued May 21, 1974. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Philip D. Freedman*, Assistant Public Defender, for appellant.

*Wallace B. Eldridge, III*, Assistant District Attorney, with him *Marion E. MacIntyre*, Deputy District Attorney, and *LeRoy S. Zimmerman*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, November 20, 1974.

This is an appeal from the judgment of sentence of life imprisonment imposed on Edward Juan Wright following his conviction by a jury of murder in the first degree. Two issues are presented: (1) Was the Commonwealth's evidence sufficient to warrant a finding of murder in the first degree; and (2) Was the Commonwealth's evidence sufficient to establish a causal connection between the act of the accused and the death of the victim beyond a reasonable doubt. Our study of the record compels an affirmative answer to both questions. We will, therefore, affirm the judgment.

On appeal from a criminal conviction the test for evaluating the sufficiency of the evidence is " 'whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury

could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime . . . of which he has been convicted.' " *Commonwealth v. Oates*, 448 Pa. 486, 489, 295 A.2d 337, 338 (1972) ; *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972). Moreover, " 'In view of the jury's verdict, the evidence must be read in a light most favorable to the Commonwealth and the Commonwealth is entitled to every reasonable inference arising from that evidence. [Citations omitted.]' " *Commonwealth v. Rankin*, 441 Pa. 401, 404, 272 A.2d 886, 887 (1971). So read, the record instantly discloses the jury was warranted in finding the following facts.

Linda Diane McMullen, age seventeen years, estranged girl friend of Wright, was in Kenley's Bar at Maclay and Jefferson Streets in Harrisburg about 1 :00 a.m. on February 12, 1972, when he entered with another female companion. A heated verbal exchange ensued and Wright forced McMullen to the street in front of the bar where he repeatedly punched and knocked her head against the exterior of the building. When friends intervened, Wright discontinued his assault and McMullen proceeded to cross and stand on the other side of the street. Wright then said, "Bitch, I'm going to kill you," ran across the street, grabbed McMullen and plunged a knife into her abdomen.

It is true that in order to sustain a verdict of murder in the first degree the evidence must be sufficient to establish beyond a reasonable doubt that the accused had a specific intent to kill. *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A.2d 195 (1970). From Wright's explicit threat and his use of a knife on a vital part of the victim's body, the jury could properly infer such an intent to kill existed. See *Commonwealth v. Ewing*, 439 Pa. 88, 264 A.2d 661 (1970).

While Wright in his testimony at trial tried to portray the stabbing as accidental, the credibility of his

testimony was for the jury. " 'It is well settled that a jury or a trial court can believe all, or a part of, or none of a defendant's statements. . . .' " *Commonwealth v. Ewing,* supra at 93, 264 A.2d at 663, 664; *Commonwealth v. Kirkland,* 413 Pa. 48, 195 A.2d 338 (1963). The jury thus had the right to disregard appellant's self-serving exculpatory statements, and reasonably infer that Wright specifically intended to take the life of the victim.

Wright argues the Commonwealth's evidence was insufficient to establish premeditation and deliberation. However, as stated over a century ago in *Commonwealth v. Drum,* 58 Pa. 9, 16 (1868), " '[N]o time is too short for a wicked man to frame in his mind his scheme of murder. . . . .' " Instantly, Wright's announced intention to kill the victim followed by his crossing the street and executing his intention was more than ample to warrant the jury in finding premeditation and deliberation.

Likewise without merit is Wright's contention that the Commonwealth's evidence was insufficient to establish a causal connection between the stabbing and the victim's death. As to this, the Commonwealth's evidence established these facts.

The victim was admitted to Harrisburg Hospital at 1:30 a.m. on February 12, 1972. The victim was in shock (i.e., without blood pressure) when admitted, and exploratory surgery of the abdominal cavity was performed to find the cause for the loss of blood. Lacerations were found in the stomach, along the fold that holds the small intestine in place, in the small intestine and in the aorta, the main artery which supplies blood to most of the organs below the neck. The laceration in the aorta was approximately one-half inch wide. The lacerations were caused by a flat, long, sharp object such as a knife. During surgery the lacerations were sutured. The victim remained in shock throughout

surgery. Following surgery the victim was placed in the intensive care unit, where she remained without blood pressure until she expired at 3:10 p.m., approximately fourteen hours after admission. Death was caused by hemorrhage and shock. Shock occurs when an insufficient supply of oxygen is delivered to the tissues and can result from hemorrhaging.

To say the foregoing was insufficient to establish the stabbing was the legal cause of the victim's death is mere cavil. See *Commonwealth v. Paquette*, 451 Pa. 250, 301 A. 2d 837 (1973).

Judgment affirmed.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.