## Commonwealth *v.* Hall, Appellant.

413

Submitted November 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., February 27, 1975:

Appellant contends that the lower court erred in allowing the introduction of testimony given by a witness at a juvenile court proceeding and at appellant's preliminary hearing after the witness had invoked the Fifth Amendment at appellant's trial.

On September 5, 1972, a public school in Pittsburgh was broken into and recording equipment was removed. As a result of the police investigation, Thomas Doyle, a juvenile, was arrested. Doyle testified at his own juvenile hearing and at appellant's preliminary hearing. On both occasions, he implicated the appellant as a co-conspirator. At appellant's trial, however, Doyle invoked his privilege against self-incrimination. Detective Thomas Abbott then testified that he arrested Walter Hall, the appellant, on September 21, 1972, on the strength of information given him by Doyle.

The Commonwealth moved to have the transcript of Doyle's juvenile hearing admitted into evidence. Over objection of defense counsel, the lower court granted the Commonwealth's motion. The court then permitted the District Attorney to read portions of that record where Doyle had testified. The Commonwealth then called Officer Parsons as a witness, again over objection by the defense, to testify as to the juvenile court hearing. After several questions were objected to and sustained, the following testimony was admitted over objection:

"Q. At the time of the October 16, 1972 hearing, there was a use of the word, 'cousin', associated with Mr. Thomas Doyle as a participant in that hearing. Who was the cousin that was referred to in those records?

"A. Walter Hall."

The defense made clear that the transcript of the Juvenile Court hearing revealed that the only persons present were Thomas Doyle, his father, and Patrick Doyle, his cousin. The transcript of appellant's preliminary hearing was admitted into evidence and certain portions were read from the record by the District Attorney. This was the only evidence implicating the appellant in the crime.

Appellant's sole contention is that the introduction of Doyle's prior testimony violated his Sixth and Fourteenth Amendments right "to be confronted with the witnesses against him . . ." See, *Pointer v. Texas,* 380 U.S. 400 (1965). We hold that the court erred in allowing the introduction of the juvenile court transcript, but properly admitted the transcript of the preliminary hearing.[1]

---

1. Apparently, the Allegheny County District Attorney's Office would agree with this conclusion. The Commonwealth has chosen not to file a brief with our Court in this case. Instead, the Commonwealth submitted a letter to the Court which reads in pertinent part: "Following a thorough examination of the record and

It is the law of Pennsylvania that "well-recognized exceptions to the hearsay rule supported by circumstances guaranteeing sufficient 'indicia of reliability' do not raise confrontation problems." *Commonwealth v. Ransom,* 446 Pa. 457, 461, 288 A. 2d 762 (1972). The former testimony of a witness who is presently unavailable[2] at a criminal trial is admissible by virtue of 19 P.S. §582: "Whenever any person has been examined as a witness . . . in any criminal proceeding conducted in or before a court of record, *and the defendant has been present and has had an opportunity to examine or cross-examine,* if such witness afterwards die, or be out of the jurisdiction so that he cannot be effectively served with a subpoena, or if he cannot be found, or if he become incompetent to testify for any legally sufficient reason properly proven, notes of his examination shall be competent evidence upon a subsequent trial of the same criminal issue; . . ."[3] (Emphasis added). The appellant was not present at Doyle's juvenile hearing and thus had no opportunity to cross-examine Doyle at that time. Further, the juvenile hearing did not encompass the "same criminal issue" as appellant's trial. The guilt or innocence of the appellant was not at issue in Doyle's juvenile hearing, and the issue of Doyle's guilt or inno-

---

given the issue raised on appeal . . . the Commonwealth believes that it does not have an adequate arguable position to set forth in opposition to appellant's argument concerning the admission of former testimony, used as substantive evidence, at trial." We do not read this concession as extending to the propriety of introducing a witness's testimony at a preliminary hearing when the witness is unavailable to testify at the trial.

2. "The hearsay exception itself has generally recognized that a witness is 'unavailable' for purposes of the exception where through lapse of memory or a plea of the Fifth Amendment privilege, the State cannot secure his live testimony. See 5 Wigmore §§1408, 1409." *California v. Greene,* 399 U.S. 149, 168, n.17 (1970). See also, McCormick, Evidence §253 at 612 (1970).

3. Act of May 23, 1887, P.L. 158, §3.

cence was not before the trier of fact at appellant's trial. See *Commonwealth v. Velasquez*, 449 Pa. 599, 296 A. 2d 768 (1972). Therefore, the introduction of the transcript of Doyle's juvenile hearing was impermissible under the Act.[4]

Even if the transcript were properly admitted as an exception to the hearsay rule, it would not necessarily obtain immunity from attack under the confrontation clause. *Commonwealth v. Porter*, 449 Pa. 153, 295 A. 2d 311 (1972). The United States Supreme Court has emphasized that the confrontation clause requires that an opportunity to cross-examine must have existed at some stage before former testimony becomes admissible. For example, in *Pointer v. Texas*, supra, testimony given by a witness at defendant's preliminary hearing was held inadmissible at defendant's trial because defendant was not represented by counsel at the preliminary hearing and thus had no opportunity to cross-examine the witness. Without the opportunity to cross-examine, the prior testimony lacks sufficient "indicia of reliability" to afford the trier of fact "a satisfactory basis for evaluating the truth of the prior statement." *Dutton v. Evans*, 400 U.S. 74, 89 (1970). To admit the former testimony under these circumstances would unconstitutionally deny the appellant his right to confront his accusers. See *Mancusi v. Stubbs*, 408 U.S. 204 (1972) ; *Commonwealth v. Clarkson*, 438 Pa. 523, 265 A. 2d 802 (1970).

The very reasons that cause the juvenile court transcript to be inadmissible and unconstitutional render the

---

4. One leading commentator states that the opportunity to cross-examine is necessary for the exception to apply: "The former testimony, to be admitted under this exception to the hearsay rule, must have been given under the sanction of the oath or such form or affirmation as is accepted as legally sufficient. More important, because more often drawn in question, is the requirement that the party against whom the former testimony is now offered, or a party in like interest, must have had a reasonable opportunity to cross-examine." McCormick, Evidence §255 at 616 (1970).

preliminary hearing both admissible and constitutional. The Act of 1887, while not allowing the introduction of this former testimony because a preliminary hearing is not "any criminal proceeding conducted in or before a court of record," does not render it inadmissible. In *Commonwealth v. Clarkson*, supra, the Court reaffirmed prior decisions which held that testimony from a preliminary hearing is properly admitted where the defendant had an opportunity to cross-examine the witness. Admissibility is not affected by the Act of 1887. See *Commonwealth v. Ryhal*, 274 Pa. 401, 118 A. 358 (1922). Thus, as a matter of state evidentiary law, the transcript of the preliminary hearing was properly admitted because appellant was represented by counsel and had the opportunity to cross-examine Doyle.

Appellant argues that the cross-examination afforded at the preliminary hearing was insufficient to satisfy the confrontation clause. The United States Supreme Court rejected this argument by way of dictum in *California v. Green*, supra: "We also think that Porter's preliminary hearing testimony was admissible as far as the Constitution is concerned wholly apart from the question of whether respondent had an effective opportunity for confrontation at the subsequent trial. For Porter's statement at the preliminary hearing had already been given under circumstances closely approximating those that surround the typical trial. Porter was under oath; respondent was represented by counsel . . .; respondent had every opportunity to cross-examine Porter as to his statement; and the proceedings were conducted before a judicial tribunal, equipped to provide a judicial record of the hearings. Under these circumstances, Porter's statement would, we think, have been admissible at trial even in Porter's absence if Porter had been actually unavailable, despite good-faith efforts of the State to produce him." 399 U.S. at 165. The Pennsylvania Supreme Court has also stated that the differences between

a preliminary hearing and an actual trial are not sufficient to render the former testimony inadmissible: "While it is true that the focus of a preliminary hearing is narrower than that of a trial, we are not persuaded that the difference requires exclusion of the testimony taken at such a hearing. Our basic concern is for the reliability of the testimony which was elicited in the preliminary hearing, and we do not feel that its reliability is affected by the scope or focus of the proceeding. It would certainly be more desirable to have the witness present at trial, but it would be vastly less desirable to exclude such evidence altogether." *Commonwealth v. Clarkson,* supra, at 525, 265 A.2d at 803.

The introduction of the juvenile court hearing transcript and the questioning of a police officer about the testimony elicited at that hearing cannot be considered harmless error under the circumstances of this case. The only evidence connecting appellant with the burglary was the former testimony of an alleged accomplice. "It is the rule in Pennsylvania that the testimony of an accomplice of a defendant, given at the latter's trial, comes from a corrupt source and is to be carefully scrutinized and accepted with caution; it is clear error for the trial judge to refuse to give a charge to this effect after being specifically requested to do so." *Commonwealth v. Coades,* 454 Pa. 448, 453, 317 A. 2d 293 (1973), quoting *Commonwealth v. Sisak,* 436 Pa. 262, 265, 259 A. 2d 428, 430 (1969). Had the accomplice implicated the appellant on only one occasion, rather than two, the trier of fact may not have been persuaded that the appellant was guilty beyond a reasonable doubt. For this reason, the improper introduction of Doyle's testimony from his own juvenile hearing is not harmless error beyond a reasonable doubt.

Judgment of sentence reversed and the case remanded for a new trial.