373 A.2d 1051

COMMONWEALTH of Pennsylvania

v.

Samuel DUNCAN, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 15, 1976.

Decided Jan. 28, 1977.

Reargument Denied March 15, 1977.

64

Daniel M. Rendine, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Eric B. Henson, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Samuel Duncan was indicted for murder, voluntary manslaughter and involuntary manslaughter. His pre-trial motion to suppress evidence was denied. Appellant was tried before a jury in February, 1975 and was found guilty of murder of the third degree. After post-trial motions were denied, appellant was sentenced to 8 to 20 years imprisonment. This appeal followed.[1]

Appellant raises the following claims: (1) the admission into evidence at trial of testimony transcribed at his preliminary hearing violated the hearsay rule and the sixth amendment of the United States Constitution; (2) oral statements made to the police by appellant should not have been admitted into evidence because the record does not support a finding that such statements were ever made; (3) oral statements admitted at trial were obtained in violation of Pa.R.Crim.P. 118 (now rule 130); (4) appellant's motion for mistrial following the Commonwealth's opening statement should have been

1. We hear this case pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P. S. § 211.202(1) (Supp.1976).

granted; (5) there was insufficient evidence to submit the case to the jury.

 The first four claims have been waived be-. cause they were not specifically raised in written post-trial motions. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). Appellant's last claim has been pre-served for appeal.[2] However, upon review of the record we conclude that the trial court properly submitted the case to the jury and we affirm judgment of sentence.

██ The test to be applied in ruling on a demurrer is whether the evidence and all reasonable inferences there-from are sufficient to support a finding by the jury that the defendant was guilty beyond a reasonable doubt.[3] The Commonwealth's case consisted of the testimony of an eyewitness,[4] Ms. Ellery Harris, and two statements made to the police by appellant after he was arrested.

2. At the close of the prosecution's case, appellant demurred. In post-trial motions, appellant claimed that the evidence was insuf-ficient to sustain the verdict, but did not specifically raise the de-nial of the demurrer as error. In this appeal, appellant argues that his demurrer should have been granted. The test to be ap-plied in ruling on either a demurrer or a claim that the evidence is insufficient to support a conviction is whether accepting as true the prosecution's evidence and all reasonable inferences therefrom, it is sufficient to support a finding by the jury that the defendant is guilty beyond a reasonable doubt. Compare *Commonwealth v. Carroll*, 443 Pa. 518, 278 A.2d 898 (1971) and *Commonwealth v. Collins*, 436 Pa. 114, 259 A.2d 160 (1969) with *Commonwealth v. Miller*, 465 Pa. 458, 350 A.2d 855 (1976); *Com-monwealth v. Thomas*, 465 Pa. 442, 350 A.2d 847 (1976); *Com-monwealth v. Palmer*, 448 Pa. 282, 292 A.2d 921 (1972). A de-murrer and a claim of insufficiency of the evidence differ only with respect to the stage of the proceedings at which they are raised. Appellant did not offer a defense and his challenge to the sufficiency of the evidence in post-trial motions was the equiva-lent of an assertion that the denial of his demurrer was error. To find a waiver because appellant's brief now frames the issue to be whether the demurrer should have been granted would ele-vate form over substance. Accordingly, we reject the Common-wealth's contention that the issue has been waived.

3. See note 2, supra.

4. The witness' testimony from appellant's preliminary hearing was read into the record.

Ms. Harris testified that she, appellant and decedent were at the home of her common-law brother-in-law on the evening of May 23, 1974. Appellant and decedent began arguing over a ten dollar debt appellant owed Ms. Harris. Appellant left the premises and returned with a knife. Decedent disarmed appellant who said, "I was only playing with you." Appellant returned thirty minutes later with a knife and stabbed decedent in the chest.

Appellant was arrested at his home later that evening. In appellant's first statement to the police, made in a patrol car outside his home, he stated that decedent pulled a knife and attempted to cut appellant's throat. Appellant said he took the knife from decedent and stabbed him. Later, at the Police Administration Building, appellant made a second statement. In this statement, he said that decedent came at him with a knife, that he disarmed decedent and stabbed him only after decedent attacked him with a chair.

Appellant argues that the prosecution's case consisted of two opposing theories: (1) Ms. Harris' version of the incident and (2) appellant's exculpatory statements which indicated that he had acted in self-defense. Appellant maintains that because the prosecution had the burden of proof and offered two inconsistent theories, it has proved neither theory. Appellant relies on *Commonwealth v. Woong Knee New*, 354 Pa. 188, 47 A.2d 450 (1946) and *Commonwealth v. Zeringo*, 214 Pa.Super. 300, 257 A.2d 692 (1969). However, both cases are distinguishable. In *Woong Knee New*, the prosecution's case was permeated with inconsistencies and the main thrust of Chief Justice Maxey's opinion appears to be that, aside from the contradictions in the Commonwealth's case, the prosecution's evidence and all reasonable inferences therefrom were as consistent with innocence as with guilt. In *Zeringo*, the Superior Court rejected the Commonwealth's attempt to prove an element

of a crime by weak circumstantial evidence after presenting direct evidence consistent with innocence.

Here, the Commonwealth presented the versions of an eyewitness and the accused. The eyewitness' testimony was sufficient to convict. The accused also admitted the stabbing. He claimed he acted in self-defense, but gave conflicting statements concerning the events. We have often stated that it is the function of the factfinder to pass upon the credibility of witnesses and the weight accorded to the evidence. *E.g., Commonwealth v. Kahley,* 467 Pa. 272, 356 A.2d 745 (1976); *Commonwealth v. Rose,* 463 Pa. 264, 344 A.2d 824 (1975). The factfinder is free to believe all, part, or none of the evidence. *E. g., Commonwealth v. Roux,* 465 Pa. 482, 350 A.2d 867 (1976); *Commonwealth v. Kahley,* supra; *Commonwealth v. Rose,* supra; *Commonwealth v. Wright,* 458 Pa. 236, 328 A.2d 514 (1974). The mere existence of conflict in the prosecution's evidence is not fatal to its case because the Commonwealth is not bound by everything its witnesses say and the jury can believe all, part, or none of the testimony. *Commonwealth v. Roux,* supra; *Commonwealth v. Mahoney,* 460 Pa. 201, 331 A. 2d 488 (1975); *Commonwealth v. Jones,* 452 Pa. 569, 308 A.2d 598 (1973). The responsibility of the factfinder to reconcile conflicts in the evidence is particularly appropriate where the conflicts arise from statements made by the accused. *Commonwealth v. Kearney,* 459 Pa. 603, 331 A.2d 156 (1975).

Appellant's claim would have merit if the Commonwealth had presented testimony which was "either so unreliable or contradictory as to make any verdict based thereon obviously the result of conjecture and not reasons." *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976). However, the mere existence of conflict in the evidence does not mean the trier of fact is required to resort to speculation. *Commonwealth v. Kearney,* supra.

■■ Here, the Commonwealth presented a coherent version of the stabbing. The jury chose to believe Ms. Harris' version of the events and to disbelieve appellant's assertion that he acted in self-defense. The jury had the right to disregard appellant's self-serving exculpatory statements. *Commonwealth v. Wright,* supra. The jury did not have to engage in speculation in order to find appellant guilty beyond a reasonable doubt since Ms. Harris' testimony alone provided sufficient evidence to convict. The trial court properly submitted this case to the jury.

Judgment of sentence affirmed.

## SUPPLEMENTAL OPINION

This supplements our opinion in this case, announced January 28, 1977. Our mandate, affirming the judgment of sentence, remains undisturbed.

In our previous opinion, we held that four of appellant's claims had not been preserved for appellate review because they were not specifically raised in written post-trial motions. In his application for reargument, however, appellant has demonstrated that the claims were raised in written, supplemental post-trial motions, filed by leave of the trial court but omitted from the record delivered to this Court. Since timely post-trial motions were filed, see Pa.R.Crim.P. 1123, appellant's claims have been preserved for this Court's review.

The record reveals that appellant's contentions are without merit and nothing in the record or appellant's petition convinces us that reargument is desirable. See generally Pa.R.A.P. 2543. Accordingly, we consider appellant's contentions below.

■ First, appellant asserts that the admission of the notes from appellant's preliminary hearing of the testimony of a witness who died between the preliminary hearing and trial violated the hearsay rule and the con-

70

frontation clause of U.S.Const. amendment VI. Appellant's contention that this evidence is not within any recognized exception to the hearsay rule has been rejected by our courts in *Commonwealth v. Clarkson,* 438 Pa. 523, 265 A.2d 802 (1970); *Commonwealth v. Ryhal,* 274 Pa. 401, 118 A. 358 (1922); *Commonwealth v. Hall,* 232 Pa. Super. 412, 334 A.2d 710 (1975) and *Commonwealth v. Miller,* 203 Pa.Super. 511, 201 A.2d 256 (1964). The constitutionality of the admission of the notes of testimony from a preliminary hearing was upheld in *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) and *Commonwealth v. Clarkson,* supra. Appellant presents no compelling arguments for departure from these decisions.

Next, appellant asserts that his oral admissions to the police, which were reduced to writing but not signed by appellant, should have been excluded. As the Commonwealth brief correctly notes, appellant merely attacks the credibility of the police officers who took notes while appellant spoke. Appellant's arguments go to the weight, not the admissibility, of the evidence.

Third, appellant asserts that his admissions were obtained in violation of Pa.R.Crim.P. 130 and *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). This claim is without merit as there was no unnecessary delay between arrest and arraignment. Appellant's first admission was made in the patrol car outside his home, five minutes after this arrest. Fifteen minutes later, he was taken to the Police Administration Building. His second statement was obtained at the PAB between 45 and 80 minutes after arrest. He arraigned 3½ hours after arrest. These statements were properly admitted by the trial court. See *Commonwealth v. Rowe,* 459 Pa. 163, 327 A.2d 358 (1974).

Finally, appellant contends that his motion for a mistrial following the conclusion of the prosecutor's

opening statement should have been granted. The prosecutor stated:

"I want you to understand I'm going to try to present the case without any great reference to blood, gore and the horror of it. Murder is a terrible thing, real murder. 1 don't want you to decide this case because you were inflamed about the blood or because you were inflamed about any other thing. I would like you to decide this case on the evidence and with proper application of the law to the case as you find it to be."

These remarks did not prejudice appellant. Appellant also asserts that he was prejudiced by the prosecutor's representation to the jury during his opening remarks that they would later see a knife that was employed in the first altercation between appellant and the victim. The prosecutor stated that the knife was found in the pocket of the victim. The trial court later ruled that the knife and reference to its discovery in the victim's pocket were inadmissible. The record indicates, however, that the prosecutor had a reasonable basis to believe that the knife would be admitted. See generally *Commonwealth v. Yount,* 455 Pa. 303, 314 A.2d 242 (1974). Thus, reference to the knife in the opening statement was not impermissible. See *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976). Moreover, we fail to see how appellant was prejudiced. There was ample evidence from which the jury could have found that the knife referred to in the opening remarks was taken from appellant by the victim during their first skirmish. This is not a case in which the prosecutor brought a matter to the jury's attention which is damaging to the accused even though the prosecution fails to substantiate its assertions. If anything, the prosecution's failure to produce the knife was prejudicial to the Commonwealth in this case.

Judgment of sentence affirmed.

Mr. Justice NIX dissents and would reverse, believing, for the reasons set forth in his concurring opinion in

72

*Commonwealth v. Stasko,* 471 Pa. 373, 370 A.2d 350 (1977), that the notes of testimony from the preliminary hearing should not have been admitted at trial.

Mr. Justice MANDERINO dissents and would reverse, believing, for the reasons set forth in his dissenting opinion in *Commonwealth v. Velasquez,* 449 Pa. 599, 605, 296 A.2d 768, 771 (1972), that the notes of testimony from the preliminary hearing should not have been admitted at trial.