J-S63024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK LEVENBERG | |
| Appellant | No. 553 EDA 2015 |

Appeal from the Judgment of Sentence January 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0028366-2014
MC-51-CR-0034551-2014

BEFORE:  DONOHUE, J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:          **FILED OCTOBER 27, 2015**

Appellant, Frank Levenberg, appeals from the January 6, 2015 aggregate judgment of sentence of one-year probation, imposed after he was found guilty of two counts of indirect criminal contempt for violation of a Protection from Abuse (PFA) order.[1]  After careful review, we affirm.

We summarize the relevant factual and procedural history of this case as follows.  On May 2, 2014, a PFA order was entered against Appellant, prohibiting him from having any contact, direct or indirect, with Leana Older, his former girlfriend.  On July 5, 2014, Older was awoken by a text message from her sister, stating that Appellant had threatened to kill her.  N.T., 1/6/15, at 11.  She then heard noises outside her front door and saw

_____
[1] 23 Pa.C.S.A. § 6114(a).

Appellant standing outside of her house in front of his car. Older then observed Appellant get into his car and drive off. *Id.* at 12. Approximately one minute later, Appellant returned to the house. *Id.* Older fled the house, was picked up by her sister, and was driven to the police station to report the incident. *Id.*

On September 10, 2014, Older and her daughter were stopped at a red traffic light when Appellant was at a nearby McDonalds drive-thru window. *Id.* at 16. Older had her windows down, and Appellant made threatening comments towards her. *Id.* After the red light turned green, Older proceeded to a nearby Wawa, approximately half a block away, but Appellant followed her and stopped his vehicle in a bus lane in front of the Wawa. *Id.* at 17. Appellant began to argue with Older and her daughter. *Id.* After one to two minutes, Appellant got back into his car and drove off. *Id.* at 19-20. Older then called the police and reported the incident. *Id.* at 19.

On January 6, 2015, Appellant proceeded to a one-day bench trial, at the conclusion of which Appellant was found guilty of two counts of indirect criminal contempt stemming from the incidents on July 5, 2014 and September 10, 2014.[2] The trial court immediately imposed a sentence of six

---

[2] The trial court points out that the Commonwealth also charged Appellant with one count each of stalking and harassment, but these charges were dismissed for lack of evidence. Trial Court Opinion, 4/6/15, at 2 n.1.

months' probation on each charge, to run consecutively to each other. Appellant did not file a post-sentence motion. On February 3, 2015, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant presents the following three issues for our review.

> A.    Was the evidence insufficient to support the guilty verdicts because it was inherently contradictory and unreliable such that the guilty verdicts must be reversed as constituting a violation of due process of law?
>
> B.    Was the verdict against the greater weight of the evidence where … [A]ppellant's proffered evidence firmly establishes his alibi for the July 5, 2014 incident, and where the September 10, 2014 incident was primarily initiated by … [A]ppellant's … daughter, and was the result of a chance meeting in public rather than any wrongful intent on the part of … [A]ppellant?
>
> C.    Did the trial court err in imposing a sanction of criminal contempt which "should not be used when a lesser means would suffice," **Commonwealth v. Haigh**, 874 A.2d 1174, 1177 (Pa. Super. 2005)[, *appeal denied*, 887 A.2d 1240 (Pa. 2005)], where the record does not reflect that the trial court at any point considered whether lesser means would suffice to address the alleged violation of the temporary order at issue in this matter?

Appellant's Brief at 4.

---

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

Appellant's first issue involves his challenge to the sufficiency of the evidence against him. We begin by noting our well-settled standard of review. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the [finder of fact] verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, *Patterson v. Pennsylvania*, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" *Id.* (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." *Id.* (citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d

119, 126 (Pa. 2013) (citation omitted), *cert. denied,* ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

Instantly, Appellant was convicted of indirect criminal contempt. "To establish indirect criminal contempt, the Commonwealth must prove: 1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent." ***Commonwealth v. Walsh***, 36 A.3d 613, 619 (Pa. Super. 2012) (citation omitted).

Appellant argues that the evidence was insufficient for his conviction stemming from the July 5, 2014 incident because "Appellant presented two witnesses who firmly established his alibi[.]" Appellant's Brief at 19. Additionally, Appellant argues that the evidence was insufficient for his conviction stemming from the September 10, 2014 incident because under ***Haigh***, the violation was not made with wrongful intent and was *de minimis*. *Id.* at 22. We will address each argument in turn.

In this case, Older testified that she personally saw Appellant outside of her home in the early morning hours of July 5, 2014. N.T., 1/6/15, at 12. Older also recognized Appellant's black 1999 Chevrolet Suburban, which she herself had driven multiple times in the past. *Id.* at 13. Further, Older testified that Appellant drove around the block once and stopped back in

front of her house a second time, at which point she left via the back door, got picked up by her sister, and went to the police. *Id.* at 13.

Our Supreme Court has held that for sufficiency purposes the testimony of a single eyewitness is sufficient to support a conviction. ***Commonwealth v. Brown***, 52 A.3d 1139, 1165 (Pa. 2012); ***Commonwealth v. Duncan***, 373 A.2d 1051, 1054 (Pa. 1977). Although the trial court found Appellant's alibi witness credible, the trial court also noted that said witness acknowledged "she wasn't with [Appellant] the entire evening." N.T., 1/6/15, at 64. The trial court noted that Appellant admitted that Older's home is only "a couple minutes away" from the pub where Appellant alleged he was. *Id.* at 65. As the factfinder, the trial court was "free to believe all, part or none of" Appellant's alibi witness's testimony. ***Watley***, ***supra***. Based on these considerations, we conclude the Commonwealth did present sufficient evidence to support the indirect criminal contempt conviction for the July 5, 2014 incident.

As to the September 10, 2014 incident, relying on this Court's decision in ***Haigh***, Appellant avers that the Commonwealth failed to establish wrongful intent. In ***Haigh***, the appellant, while subject to a PFA order, spoke to the victim in a courtroom into which he was brought as a prisoner for a PFA violation hearing. ***Haigh***, ***supra*** at 1177. We concluded that the Commonwealth failed to show wrongful intent based on the following.

> A reasonable person could have believed, and Appellant did believe, that the PFA order was relaxed

- 6 -

> to some extent in the courtroom context, especially where Appellant was shackled and the victim was protected by an armed deputy sheriff. Appellant did not believe that he was threatening Mrs. Haigh, and neither she nor any one else in the courtroom heard Appellant threaten her or otherwise make any threatening movements or gestures towards her. Appellant's questions arose from his concern for the health of his wife of thirty-one years, even though they were estranged at the time. After a thorough review of the record, we conclude, based upon all of the circumstances, that Appellant did not act with wrongful intent by engaging in this conversation with his wife in the courtroom.

***Id.***

We conclude that this case is legally distinguishable from **Haigh**. Here, Appellant found himself in the same location as Older when he had just finished going through a McDonalds drive-thru. However, Appellant then affirmatively followed Older to the Wawa and began to shout at Older and her daughter. N.T., 1/6/15, at 28-29. We cannot say that Appellant's intentional choice was *de minimis* as it occurred outside a courtroom setting and was the product of circumstances within Appellant's control. As a result, the Commonwealth did show sufficient evidence of wrongful intent in this case. **Walsh**, **supra**. Therefore, Appellant is not entitled to relief on his first issue.

Appellant's avers in his second issue that the trial court's verdict was against the greater weight of the evidence. Appellant's Brief at 25. However, before we may address this claim, we must consider the

Commonwealth's argument that Appellant has waived this issue for lack of preservation in the trial court. **See generally** Commonwealth's Brief at 14.

Pennsylvania Rule of Criminal Procedure 607 discusses claims pertaining to the weight of the evidence and provides, in relevant part, as follows.

> **Rule 607. Challenges to the Weight of the Evidence**
>
> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>     (1) orally, on the record, at any time before sentencing;
>
>     (2) by written motion at any time before sentencing; or
>
>     (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A); **see also** Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"). Our Supreme Court has explained that preserving a weight of the evidence claim in the trial court is important because the failure to do so "deprive[s the trial] court of an opportunity to exercise discretion on the question of whether to grant a new trial." **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009) (footnote omitted), *cert. denied*, **Sherwood v. Pennsylvania**, 559 U.S. 1111 (2010).

In this case, Appellant did not file a post-sentence motion. Additionally, we have reviewed the record and Appellant did not raise this

issue at any time during the proceedings in the trial court. Instead, Appellant raised this issue for the first time in his Rule 1925(b) statement. As a result, we conclude Appellant's weight of the evidence claim is waived for want of preservation. **See Commonwealth v. Thompson**, 93 A.3d 478, 490-491 (Pa. Super. 2014) (concluding weight claim was waived when raised for the first time in Rule 1925(b) statement even though "the trial court reviewed the substance of his weight of the evidence claim in its Rule 1925(a) opinion[]").

In his third issue, Appellant avers that the trial court erred when it sentenced him to consecutive probationary terms. Specifically, Appellant claims that the trial court did not give an adequate explanation for its sentence, and did not consider lesser alternatives under **Haigh**. Appellant's Brief at 27. Although Appellant claims this issue does not pertain to the discretionary aspects of his sentence, we agree with the Commonwealth that it does. **See Commonwealth v. Bullock**, 948 A.2d 818, 826 (Pa. Super. 2008) (discussing claim that the trial court failed to state adequate reasons for its sentence on the record as a claim pertaining to the discretionary aspects of his sentence), *appeal denied*, 968 A.2d 1280 (Pa. 2009). It is axiomatic that in this Commonwealth, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Commonwealth v. Tobin**, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant forwards an argument pertaining to the discretionary aspects of

the sentence, this Court considers such an argument to be a petition for permission to appeal. ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Id.***

In the case *sub judice*, we note that Appellant has failed to include a Rule 2119(f) statement in his brief, and the Commonwealth has noted its

- 10 -

objection in its brief. Commonwealth's Brief at 18. "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then … this Court may not review the claim." ***Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013). As the Commonwealth has lodged its objection, we deny Appellant's petition for permission to appeal the discretionary aspects of his sentence. ***See Trinidad***, ***supra***.

Based on the foregoing, we conclude all of Appellant's issues on appeal are either waived or devoid of merit. Accordingly, the trial court's January 6, 2015 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2015

- 11 -