J-S09036-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KRISTOPHER NEIL LEWIS, | : | |
| | : | |
| Appellant | : | No. 1229 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 17, 2018
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001329-2017

BEFORE:    PANELLA, P.J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    FILED APRIL 25, 2019

Kristopher Neil Lewis (Appellant) appeals from the judgment of sentence imposed following his convictions for two counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance and one count of possession of a controlled substance.  We affirm.

In June 2017, a criminal complaint was filed against Appellant, charging him with the abovementioned crimes.  These charges arose from a controlled drug buy initiated by the Pennsylvania State Police.  Eventually, Appellant proceeded to a jury trial.  We begin with the trial court's summary of the facts presented at Appellant's trial.

> The Commonwealth of Pennsylvania presented the following testimony and evidence at trial.  First, the Commonwealth called Trooper Matthew Gavrish of the Pennsylvania State Police, who testified that he conducts undercover investigations. Most of the cases Trooper Gavrish

_____

*Retired Senior Judge assigned to the Superior Court.

deals with are controlled substances, stolen property, and general surveillance. Trooper Gavrish wears plain clothes and drives an unmarked police vehicle to protect his identity. He has training and experience in the field of narcotics and controlled substances, including cocaine and crack cocaine.

Trooper Gavrish further testified that on the morning of September 17, 2015, he was conducting an investigation in Uniontown City in Fayette County. On that day, Trooper Gavrish met with a confidential informant [(CI) whom] he was familiar with and had worked with in the past. [Trooper Gavrish] then searched the [CI] to make sure he was free of money and contraband, which the [CI] was. [Trooper Gavrish] then gave a documented amount of state police funds to the [CI], with which the [CI] was to go to a certain residence to make a purchase.

Trooper Gavrish and the [CI] then drove together to the residence, 26 Prospect Street in Uniontown City, around noon on September 17, 2015. After parking in front of the residence, the [CI] left the vehicle and went to the porch; Trooper Gavrish stayed in the car where he could see the encounter. Trooper Gavrish witnessed the [CI] meet [Appellant] on the porch. When asked on [c]ross-[e]xamination how Trooper Gavrish knew it was [Appellant, Trooper Gavrish] replied, "I know [Appellant]."

On the porch, [Appellant and the CI] spoke for a short period of time. The two then leaned into each other and made an exchange. The [CI] returned to Trooper Gavrish's vehicle and handed him a baggy containing a white, hard substance. After receiving the bag, Trooper Gavrish searched the [CI] again and he did not have any money or contraband on him.

After returning to the Uniontown Police Barracks, Trooper Gavrish placed the baggy into evidence according to customary procedure. The substance was submitted to the crime lab for testing.

The Commonwealth next called Douglas Samber to testify. He works for the Pennsylvania State Police and analyzes controlled substances at the Greensburg Regional Laboratory. Mr. Samber has extensive training and experience and was qualified as an expert in the field of drug analysis and identification. Based on an analysis of the substance submitted

- 2 -

to the crime lab by Trooper Gavrish, Mr. Samber identified the substance as 0.14 grams of crack cocaine.

After the Commonwealth rested its case, the Defense called [Appellant] to testify. [Appellant] testified that he had lived at 26 Prospect Street-where the sale in question occurred-for about three years, but had moved out in July 2015. He also testified about the other people who lived with him in the house on Prospect Street. Of the other males living there, one was older and two were younger than [Appellant]. The residence that [Appellant] moved to in July of 2015 was on Murray Avenue, about two blocks away from Prospect Street.

The Defense also called Lasheka Harris, who is [Appellant's] girlfriend. The only thing she testified to is that [Appellant] lived on Murray Avenue in September of 2015.

Trial Court Opinion, 10/22/2018, at 5-7 (citations omitted).

Following trial, Appellant was convicted of the aforementioned crimes, and on August 17, 2018, the trial court sentenced Appellant to 15 to 30 months of incarceration plus fines. Appellant did not file a post-sentence motion. This timely-filed appeal followed.[1] On appeal, Appellant challenges the sufficiency of the evidence to sustain his convictions. Appellant's Brief at 4.

Before we address the merits of Appellant's issues, we must determine whether he preserved them for appeal. In both his brief and his Rule 1925(b) statement, Appellant fails to specify precisely which elements of the crimes the Commonwealth failed to prove. This Court has repeatedly required an appellant to specify in the Rule 1925(b) statement the particular

---

[1] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

element or elements upon which the evidence was insufficient. See, e.g., Commonwealth v. Roche, 153 A.3d 1063, 1072 (Pa. Super. 2017). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." Commonwealth v. Stiles, 143 A.3d 968, 982 (Pa. Super. 2016) (citation omitted). Based upon this Court's desire to apply Rule 1925 in a "predictable, uniform fashion," this Court has determined that waiver applies even where, as here, the Commonwealth fails to object and the trial court addresses the issue in its Rule 1925(a) opinion. Roche, 153 A.3d at 1072. In light of the foregoing, we are inclined to find Appellant's issues waived.

Regardless, even if Appellant did not waive his sufficiency claims, he would still not be entitled to relief. Our standard of review in challenges to sufficiency of the evidence is to determine

> whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

Commonwealth v. Gonzalez, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

On appeal, in support of his claims, Appellant sets forth the following argument.

Trooper [] Gavrish testified that he received information from a CI that they could purchase cocaine from [] Appellant. The CI allegedly called [] Appellant to set up the transaction, though no actual record of this call exists. The CI was "searched" prior to conducting the transaction, though Trooper Gavrish did not detail the search, such as to what areas of the CI he searched. Trooper Gavrish only testified that he searched the CI in the car before and after the transaction. The alleged transaction was viewed from a distance of "twenty-five" feet away. With no video or photographic evidence to refer to, [] Appellant was charged with these offenses two (2) years after they had occurred.

In addition to the speculative and questionable evidence presented at trial, the Commonwealth failed to take other reasonable measures that very well could have exonerated [Appellant]. No fingerprints or DNA evidence were collected from the alleged narcotics. Clearly, more investigation could have, and should have, been performed in this case. Without direct evidence that would likely have been discovered through said investigation, be it incriminating or exculpatory, the jury was left to essentially believe, or disbelieve, the word of [Trooper Gavrish] to determine [] Appellant's fate.

[] Appellant himself also testified, stating he did not live at the residence at 26 Prospect Street at the time of the alleged incident. His girlfriend, [Lasheka] Harris[,] also testified that [] Appellant did not live at 26 Prospect Street at the time of the alleged buy; instead [A]ppellant lived at nearby Murray Avenue. There were also several other men that had similar characteristics to Appellant, who[] could have been confused with Appellant. Instead of investigating if anyone living in the home at the time could have been the one who sold the CI the [c]ocaine, the Commonwealth forged ahead with only one suspect who didn't even live at 26 Prospect Street, [] Appellant.

Appellant's Brief at 8-9 (citations omitted).

Appellant's argument is essentially a challenge to the reliability and credibility of Trooper Gavrish, who witnessed the controlled buy and identified Appellant as the individual who delivered the drugs to the CI.[2] A review of the sufficiency of the evidence does not include an assessment of the credibility of testimony; such a claim goes to the weight of the evidence, which Appellant failed to preserve. See Commonwealth v. Lewis, 45 A.3d 405, 410 (Pa. Super. 2012) (en banc) ("In order to preserve a claim of weight of the evidence for appellate review, the issue must be raised with the trial judge in a motion for a new trial either orally prior to sentencing, by written motion prior to sentencing, or in a post-sentence motion.") (citing Pa.R.Crim.P. 607). Moreover, it was within the province of the jury, as fact-finder, to accept Trooper Gavrish's testimony and discredit the testimony of Appellant and his girlfriend.[3] See Commonwealth v. Miller, 172 A.3d 632, 642 (Pa. Super. 2017) ("Resolving contradictory testimony and questions of credibility are matters for the finder of fact.").

Further, by assailing the Commonwealth's purported failure to corroborate or bolster Trooper Gavrish's testimony with forensic or other

---

[2] Notably, Trooper Gavrish testified that he was able to identify Appellant as the individual who sold the CI crack cocaine because he knew Appellant. See N.T., 7/11/2018, at 40 ("I know [Appellant]").

[3] Regardless, Appellant's testimony, which his girlfriend collaborated, that he did not live at the Prospect Street address in September 2015, does not establish definitively that he could not have been at the Prospect Street home selling drugs on the day of the controlled buy.

evidence, Appellant ignores the fact that, if believed by the jury, Trooper Gavrish's testimony is enough, by itself, to establish Appellant (1) possessed crack cocaine; (2) possessed the illegal substance with the intent to deliver it; and (3) did in fact deliver the drugs to the CI. Our Supreme Court

> has repeatedly refused to endorse the proposition that a particular type or class of evidence which is admitted at trial is, because of its intrinsic nature, insufficient as a matter of law to uphold a conviction—even if it is the only evidence adduced on the question of guilt. See, e.g., Commonwealth v. Duncan, [373 A.2d 1051 (Pa. 1977)] (holding that testimony of a single eyewitness, alone, was sufficient to convict even though it conflicted with other trial testimony). Even when there are well[-] recognized concerns regarding the reliability of evidence, such as in instances where evidence of guilt is provided by a criminal accomplice who is deemed a corrupt and polluted source, our Court has not categorically regarded all such evidence to be so inherently unreliable that it cannot, by itself, support a verdict of guilt. See Commonwealth v. Mikell, [729 A.2d 566, 570 (Pa. Super. 1999)] ("[A] verdict may be predicated upon the uncorroborated testimony of an accomplice."). Instead, our Court considers questions regarding the reliability of the evidence received at trial to be within the province of the finder-of-fact to resolve, and our Court will not, on sufficiency review, disturb the finder-of-fact's resolution except in those exceptional instances … where the evidence is so patently unreliable that the jury was forced to engage in surmise and conjecture in arriving at a verdict based upon that evidence.

Commonwealth v. Brown, 52 A.3d 1139, 1165-66 (Pa. 2012) (some citations omitted).

Accordingly, after a review of the briefs, record, and applicable case law, we are not persuaded that Appellant's issues warrant relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/2019